Randolph P. NEAL, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12943.

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1960.

Randolph P. Neal, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

Randolph P. Neal, an inmate of the State Penitentiary at McAlester, filed in this Court on August 12, 1960, pro se, an instrument designated, "Petition for writ of habeas corpus", and also "Writ for Transcript". Attached thereto is a photostat of judgment and sentence in Case No. 18,349, in the district court of Tulsa County, dated March 17, 1960, wherein the defendant was sentenced to five years confinement in the State Penitentiary on conviction by a jury of the crime of petit larceny, after former conviction of a felony. He was received at the penitentiary on March 23, 1960. Petitioner actually seeks a writ of mandamus, and, finally, to appeal from the conviction stated.

It appears from the record before the Court that a short time after petitioner's arrival at the penitentiary he commenced writing his trial attorney, a public defender, a private attorney and court officials at Tulsa with reference to a record for appeal. We shall refer to petitioner-defendant hereinafter simply as defendant.

Under date of April 19, 1960, Gordon L. Patten, attorney, wrote defendant as follows:

"This acknowledges receipt of your letter of April 3, 1960, and the answer to your question as to how long you have to appeal is six (6) months from date that the motion for new trial was overruled."

Defendant forwarded this letter to this Court with the notation, "Please the Honorable Court, Mr. Gordon Patten does not represent petitioner in case No. 18349. Nor in reference to appeal."

On May 12, 1960, the same attorney wrote defendant:

"This will acknowledge receipt of your letter as of the 9th day of May, 1960, and I answer your questions as you ask them:

"1. I can see no possible way for you to establish an appeal without a transcript, since the criminal court of appeals would have nothing to review,

and therefore they could not reverse the decision of the jury or trial court.

"2. If an appeal is submitted, it would be necessary for you to pay for the transcript, and in the event that you cannot pay for a transcript, then I suggest you contact a public defender and let him file a pauper's affidavit, and the State would take care of the fees that are due."

Thereafter the defendant wrote the clerk of this court, making inquiry concerning an appeal, and under dates of June 3 and June 6, 1960 the marshal of this Court advised defendant concerning the statutory requirements in order to perfect an appeal to this Court.

Mr. David Hall, assistant county attorney of Tulsa County on June 27, 1960 wrote defendant that his office could not advise him as to an appeal, but that he should write Victor Ellis, public defender.

On August 17, 1960 this Court ordered the district judge of Tulsa County to show cause why a casemade should not be prepared for the defendant at the expense of Tulsa County. The pertinent portion of the response by Hon. W. Lee Johnson, District Judge, Tulsa County, dated September 1, 1960, reads:

"Under date of June 9, 1960 your marshal addressed a letter to Randolph P. Neal and sent me a copy of the same, wherein he outlined to Neal the requirements in order to obtain a transcript at public expense. I was of the opinion that Neal had not complied with these requirements and inasmuch as he was represented by competent counsel and no motion for new trial was filed, nor notice of appeal given, I could see no necessity in furnishing a casemade at the expense of Tulsa County.

"However, since the six months appeal time will expire on September 17, 1960, I have directed my Court Clerk to make up a transcript of the proceedings with the direction that he forward it direct to you, due to the time element. If, after looking at the tran-

script, you desire the testimony at the trial, I will have my reporter prepare it."

Subsequently Judge Johnson in letter dated September 6, 1960 wrote this Court enclosing a complete transcript of the record proper in the case of State v. Neal, No. 18,349. The Court stated:

"You will observe that in addition to a transcript of proceedings, I have had included the cross-examination of the defendant Neal.

"I had this included in order that you might observe that his defense, in the action at the time of the trial of the case, was that he did not intend to steal the property in question, but rather intended to pay for it; with a bogus check. In other words, his defense was that he was guilty of larceny by fraud, rather than larceny by stealth."

We have examined the transcript of the record and fail to find where counsel for the defendant gave notice of intention to appeal to the Court of Criminal Appeals, and requested or was granted time in which to have prepared, served and filed a record or casemade.

In Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228, this Court stated:

"While an appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory."

In paragraphs 1 and 2 of the syllabus in Alexander v. State, Okl.Cr., 299 P.2d 544, this Court said:

"By statute it is provided that a party desiring to appeal to the Criminal Court of Appeals shall give notice of such appeal in open court either at the time the judgment is rendered or within ten days thereafter. 22 O.S.1951 § 1055.

"An appeal to the Criminal Court of Appeals must be taken in the manner prescribed by statute and notice of appeal made in the manner and within . the time prescribed by statute is jurisdictional."

See 22 O.S.1951 § 1054, as to time for taking appeal, and § 1055 for manner of taking appeal, notice, etc.; § 1059 providing for appeal by casemade; 12 O.S.1951 § 958 covering time for preparation of casemade, suggestion of amendments, submission and filing, extension of time, etc.

In the within case no notice of appeal having been given, and no extension of time obtained in which to have made, served and settled a casemade or transcript of the testimony, it is too late to perfect an appeal by casemade. Defendant does not claim that his defense counsel was requested or agreed to perfect record for appeal, or that he was misled in any way.

■ Further, the casemade is sought at the expense of Tulsa County, and no showing has been made of the filing of a proper affidavit for transcript of the evidence at the expense of the State, as provided by 20 O.S.1951 § 111, and 22 O.S.1951 § 1061. Unless proper application and affidavit were filed, the trial court had no basis for ordering a casemade at the expense of the county.

■ In the case of Application of Mennelli, Okl.Cr., 332 P.2d 38, 39 this Court said:

"Petition for mandamus for casemade forma pauperis must allege that petitioner is without funds to perfect said appeal or provide security therefor, and it must affirmatively appear that he has no property of any kind and that he has no relatives willing to assist him or that his attorney who represented him is unable to make up a transcript from memory.

"The matter of granting or refusing casemade forma pauperis is a matter within the sound judicial discretion of the trial court and his discretion will

not be reviewed unless it appears that it was arbitrarily used or abused."

In Gaines v. State, 61 Okl.Cr. 8, 65 P.2d 422, Judge Barefoot for this Court in the body of the opinion said:

"[The] Trial courts should, and will, exercise their sound discretion in protecting the rights of defendants who have been convicted and who desire to appeal their cases to the higher courts. No fixed rule ought to be established. Where extreme penalties have been inflicted, or where the court deems it proper that the questions involved are such that should be passed upon by the higher courts, or whether or not the appeal is frivolous, will all be taken into consideration by the court in the exercise of its sound discretion, to the end that the rights of the defendant may be properly safeguarded, and also the rights of the county protected from the expense of unnecessary appeals. The mere filing of an affidavit by the defendant, or his statement that he is unable to pay the expense of the appeal, should not alone determine the right of the county to furnish the transcript of the record."

▮ And while appeal may not, under the facts, be had by casemade, nevertheless the transcript of the record proper having been filed in this Court, and meeting the requirements of 22 O.S.1951 § 977, and having been filed within six months of the judgment and sentence, we have carefully examined this record for jurisdictional and fundamental error. We find none. The punishment fixed by the jury was within the limits provided by statute for a second offender. 21 O.S.1951 § 1706, and 21 O.S. 1951 § 52, subd. 3.

▮ In the case of Gaines v. State, supra, this Court further held:

"When an appeal is had upon a transcript, the court will examine the indictment or information, or any demurrer or plea thereto, the minutes of the trial, the instructions given by the court or refused, and the judgment of the court. If no jurisdictional or fundamental error has been committed, the judgment will be affirmed."

The judgment complained of is affirmed.

NIX and BRETT, JJ., concur.