Application of Willis KENTON for a Writ of
Habeas Corpus.

No. A–13208.

Court of Criminal Appeals of Oklahoma.

May 9, 1962.

Jay C. Baker, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding by Willis Kenton, an inmate of the State Penitentiary at McAlester, Oklahoma, to secure his release from confinement.

Briefly, the facts upon which the petitioner seeks his release are as follows:

On May 9, 1961, petitioner was sentenced to serve a term of two years in the State Penitentiary after having been found guilty of the crime of Burglary in the 2nd degree by a jury in Case No. 18977, in the District Court of Tulsa County, Oklahoma.

The petitioner remained in the custody of the Tulsa County authorities until his delivery to the State Penitentiary on May 22, 1961.

The records of said institution disclose that the petitioner was confined there for a period of nine months and fourteen days.

The Petitioner was returned to the custody of the Sheriff of Tulsa County on the 6th day of March, 1962, after this court had reversed the Burglary conviction in Case No. 18977, and had remanded the cause for new trial. Kenton v. State, Okl. Cr., 369 P.2d 474.

After being returned to Tulsa County, petitioner entered a plea of guilty to an amended information in said Case No. 18977, charging him with the offense of grand larceny.

The amended information charging the offense of grand larceny was predicated up-

on the same facts that had given rise to the original charge of Burglary in the 2nd Degree.

The petitioner was sentenced on March 13, 1962, to serve a term of eighteen months in the State Penitentiary, and remained in the custody of the Tulsa County authorities until March 16, 1962, at which time he was returned to the State Penitentiary.

The petitioner was "billed in" under a new prison number at the said institution, and there confined until a hearing on petitioner's petition for writ of habeas corpus was held by this court on April 12, 1962.

It is the position of the petitioner that he is entitled to release from confinement under the provisions of Title 57 Okl.St.Ann. § 138.

The Attorney General filed a response generally denying that the petitioner was entitled to release.

Title 57 Okl.St.Ann. § 138, provides:

"Every convict who shall have no infractions of the rules and regulations of the prison or laws of the State recorded against him shall be allowed for his term a deduction of two (2) months in each of the first two (2) years; four (4) months in each of the next two (2) years; five (5) months in each of the remaining years of said term, and prorated for any part of the year where the sentence is for more or less than a year. The mode of reckoning credits shall be shown in the following table.

SCHEDULE OF CREDITS

| No. of years of sentence | Good time granted | Total good time made | Time to be served if full time is made |
|---|---|---|---|
| 1st year | 2 months | 2 months | 10 months |
| 2nd year | 2 months | 4 months | 1 year, 8 months |
| 3rd year | 4 months | 8 months | 2 years, 4 months |
| 4th year | 4 months | 1 year | 3 years |
| 5th year | 5 months | 1 year, 5 mo. | 3 years, 7 months |

and so on, through as many years as may be the term of the sentence. And, in addition to the deduction above provided for, every convict shall be entitled to a deduction from his sentence of two (2) days for every six (6) day's work performed by him; and each convict shall also, in addition to all such deductions, be entitled to a deduction of twenty (20) days for each pint of his blood he donates to the American Red Cross or to any agency or a hospital approved for such purpose by the Warden. Inmates who are granted medical leaves for treatment which cannot be furnished at the penal institution where incarcerated shall be allowed the time spent on medical leave as time served. *All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution.* Inmates on parole who are returned to the institution as parole violators shall retain the credits earned up to the date of their release on parole. Provided, however, that no convict shall be entitled to deduction for good time as herein provided in the event he has been guilty of *misconduct or violation of the prison rules and regulations, unless relieved therefrom by the Warden.* (Italics ours)"

■■ Upon showing made at the said hearing that the petitioner was a first offender with a good conduct record at the penitentiary and that, under the provisions of the statute above cited, he would be entitled to his release after serving a term of *ten months and twenty-eight days, it* clearly appears that after crediting him with time served in jail and time served in the penitentiary, the petitioner became entitled to release from custody on April 12, 1962.

Therefore, it is the opinion of this court that the relief prayed for should be, and the same is, hereby granted. Writ granted.

NIX, P. J., and BRETT, J., concur.