**Application of Randolph P. NEAL, #63484, for Writ of Habeas Corpus.**

**No. A–13263.**

Court of Criminal Appeals of Oklahoma.

July 25, 1962.

Randolph P. Neal, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action in habeas corpus instituted by petitioner Randolph P. Neal, to secure his release from confinement in the state penitentiary, where he is serving a sentence of five years, after conviction in the district court of Tulsa County, on a charge of petit larceny, after former conviction of a felony.

This petitioner is not a stranger to this court. Under date of August 12, 1960, petitioner herein, without benefit of counsel, filed in this court an instrument, entitled "Petition for writ of habeas corpus", and "Writ for transcript", attaching thereto a photostatic copy of a judgment and sen-

tence entered against him in the district court of Tulsa County, Oklahoma on March 17, 1960, wherein the defendant was sentenced to five years in the state penitentiary on a conviction of petit larceny, after former conviction of a felony. In that case, Neal v. State, Okl.Cr., 355 P.2d 1071, this court stated: "Petitioner actually seeks a writ of mandamus, and, finally, to appeal from the conviction stated." A transcript of the proceedings in the Tulsa County court was filed in this Court, and we treated the matter as an appeal, and the judgment and sentence was affirmed. Neal v. State, supra.

Thereafter this petitioner attempted to take an appeal to the Supreme Court of the United States, but certiorari was denied February 20, 1961. Neal v. Oklahoma, 365 U.S. 824, 81 S.Ct. 710, 5 L.Ed.2d 701.

Petitioner claims that he served 92 days in the county jail prior to being sent to the penitentiary, and that he is entitled to credit on his penitentiary term for that time spent, citing 57 O.S.1961 § 138 as authority therefor. Certainly petitioner did not read this section of the statute, which provides:

> "All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penitentiary."

This petitioner was charged as a subsequent offender, and his record shows that he has served several terms in the penitentiary. Thus he was not entitled to credit for jail time.

The general rule of this court, as often announced, is that where a case is appealed to this court and the judgment of conviction is affirmed, petition for writ of habeas corpus will be denied. Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; In re Solomon, 82 Okl.Cr. 46, 165 P.2d 843;

In re Simpson, Okl.Cr., 353 P.2d 28; In re Beeler, Okl.Cr., 346 P.2d 732, and many other cases.

The writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.