**Application of Jackie ROBERSON for Writ of Habeas Corpus.**

**No. A–13636.**

Court of Criminal Appeals of Oklahoma.

March 24, 1965.

Jay C. Baker, Tulsa, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

This is an original proceeding by Jackie Roberson, an inmate of the State Penitentiary at McAlester, Oklahoma, to secure his release from confinement.

Petitioner was tried and convicted in Tulsa County on April 19, 1960 for the crime of robbery with firearms, after former conviction of a felony, in case No. 18379, hereinafter referred to as the "first trial". He was sentenced to serve twenty-five years in the State Penitentiary. That first trial was appealed to this Court, and was reversed and remanded to the district court for a new trial. However, since the petitioner could not provide sufficient bond, he was committed to the State Penitentiary, and had served one year, three months and nine days of his sentence when his case was reversed and remanded. See Roberson v. State, Okl.Cr., 362 P.2d 1115.

He was returned to Tulsa County District Court to stand trial again, in accordance with this Court's mandate. However,

by the time he was tried again, he remained in the county jail for a period of eight months and fifteen days. His new trial was docketed as case No. 19332, hereinafter referred to as petitioner's "second trial."

At his second trial, petitioner was found guilty, and was sentenced to serve nine years in the State Penitentiary at McAlester. He was returned to the Penitentiary, and was "billed in" under the case number of the second trial, and was assigned a new number. When this petition was filed, the officials at the penitentiary did not recognize the time spent under sentence of the first trial, toward the fulfillment of the sentence imposed by the court as the result of the second trial, because the two trials appear under different case numbers.

Petitioner alleges in his petition for release that he should be allowed time for the period he served as an inmate of the penitentiary under the first sentence; that he should be allowed credit for the eight months and fifteen days he spent in the Tulsa County jail while awaiting his second trial; and for credit due him for the donation of blood, as provided in the state statutes.

The Attorney General, in his response, stipulates and agrees to the facts concerning the time spent in the penitentiary as the result of both trials; that the petitioner did remain in the Tulsa County jail for a period of eight months and fifteen days awaiting his second trial; and that he is entitled to receive 120 days credit for the donation of blood, as provided in Title 57 O.S.A. § 138.

However, the Attorney General denies that this petitioner is due credit toward the fulfillment of his penitentiary sentence, for the eight months and fifteen days he spent in the county jail, awaiting his second trial. The record reveals that this petitioner had been convicted of a felony prior to the time of his conviction under the first trial, case No. 18379, for this particular offense.

■■■■ This Court, while quoting from the statutes, Title 57 O.S.A. § 138, In re

Application of Kenton for writ of habeas corpus, Okl.Cr., 371 P.2d 742, stated:

*"All inmates serving their first term* with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution."   (Emphasis ours)

See also Lott v. State, Okl.Cr., 376 P.2d 634; and In re Application of Neal, Okl. Cr., 373 P.2d 1022.

It appears from the record, that this petitioner had been formerly convicted of a felony when his first trial for this offense resulted.  He is not therefore entitled to receive credit for the eight months, fifteen days spent in the Tulsa County jail, while awaiting his second trial, which resulted when this Court reversed and remanded the first trial.

After reviewing the record of this petitioner and considering the stipulation and agreement of the Attorney General, this Court determines that the first trial of this petitioner, case No. 18379, and the second trial, case No. 19332, are identical; that the second trial resulted when the first trial was reversed and remanded to the district court of Tulsa County for a new trial; that this petitioner is entitled to receive, as time credit toward the fulfillment of the sentence imposed in case No. 19332, one year, three months and nine days he served as an inmate of the State Penitentiary under case No. 18379.

Petitioner is also entitled to receive time credit toward the fulfillment of his sentence one hundred and twenty (120) days for the donation of blood, as provided in Title 57 O.S.A. § 138.

This Court should also commend counsel, Mr. Jay Baker, of Tulsa, Oklahoma, because of his continued efforts in behalf of this petitioner.  Mr. Baker was serving as Public Defender for Tulsa County when this petitioner stood trial for this offense.

Mr. Baker is now engaged in the private practice of law, and is no longer connected with the Public Defender's office.  Notwithstanding this fact, he continued to follow this matter to a conclusion by filing the petition for writ of habeas corpus in behalf of his client, and bringing to this cases originally from Tulsa County.

This Court also recognizes that Warden Court's attention the conflict in the two Page and other persons concerned at the penitentiary acted in good faith throughout this matter, because there was nothing on the face of the second judgment and sentence to reflect that it was in any way related to the initial cause.

It is therefore the opinion of this Court that this petitioner should be discharged from the State Penitentiary at McAlester, Oklahoma on the 26th day of March, 1965; and it is so ordered.

BUSSEY, P. J., and NIX, J., concur.