STATE v. HENRY H. GARRIS.

(Filed 24 November, 1965.)

**1. Criminal Law § 131—**
    A sentence within the statutory maximum may not be held excessive.

**2. Same—**
    The fact that others tried on similar charges are given shorter sentences is not ground for legal objection, the punishment imposed in a particular case, if within statutory limits, being within the sound discretion of the trial judge.

**3. Same; Escape § 1—**
    Defendant's contention that his punishment for escape constituted double punishment because he would lose his rewards and privileges for good conduct *held* untenable, the Prison Commission having been given authority to promulgate and apply rules in this regard and the matter being administrative and not judicial. G.S. 148-13.

APPEAL by defendant from *McLean, J.,* August 1965 Session of CATAWBA.

Criminal action in which defendant is charged with feloniously escaping from the State prison system while serving therein an active prison sentence theretofore imposed by the Superior Court of Nash County pursuant to a conviction for felonious breaking and entering. G.S. 148-45.

Upon inquiry by the court whether he desired counsel, defendant requested that counsel be appointed to represent him. Thereupon the court appointed attorney John C. Stroupe, Sr., who conferred at length with defendant. When the case was called for trial defendant through his appointed counsel entered a plea of guilty to the charge. Defendant, in response to questions then propounded to him directly by the court, stated that he was under no disability, he understood the nature of the charge and that upon a plea of guilty he could be imprisoned for as much as three years, he had conferred with his lawyer about the case, he freely and voluntarily entered the plea of guilty, and neither the solicitor, his attorney, any law enforcement officer, nor anyone else had by threat or promise influenced or induced him to enter the plea.

The court heard evidence offered by the State showing that defendant has escaped prison. Defendant and his counsel stated to the court that they did not desire to offer any evidence. Thereupon, the court entered judgment imposing a prison sentence of one year.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*John C. Stroupe, Sr., for defendant.*

PER CURIAM. Defendant contends (1) that the sentence imposed is excessive, (2) that the sentence is discriminatory in that other defendants tried on similar charges at the same session were given shorter sentences, and (3) that defendant will suffer double punishment because the prison department "will take (away) all the good time and change his release date," thereby extending the former sentence and adding thereto the sentence herein imposed.

The foregoing objections are not sustained. The sentence of one year was not excessive; the court could have imposed a two-year sentence. G.S. 148-45. There is no requirement of law that defendants charged with similar offenses be given the same punishment. The punishment imposed in a particular case, if within statutory limits, is within the sound discretion of the presiding judge. The prison rules and regulations respecting rewards and privileges for good conduct ("good time") are strictly administrative and not judicial. G.S. 148-13. The legislature has authorized the State Prison Commission to promulgate, publish, enforce and apply such rules. G.S. 148-11. Whether a prisoner shall benefit thereby depends on his own conduct. The giving or withholding of the rewards and privileges under

these rules is not a matter with which the courts are authorized to deal.

Affirmed.