**344**

Elmer PERRY, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14297.

Court of Criminal Appeals of Oklahoma.

July 19, 1967.

Elmer Perry, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge:

Petitioner herein filed a writ of habeas corpus, which we will treat as a writ of mandamus, in which he seeks an order directing the Warden of the Oklahoma State Penitentiary, at McAlester, Oklahoma, to grant him credit for jail time served from the date of his arrest until he was delivered to the penitentiary, towards satisfaction of his penitentiary sentence. Petitioner received a three-year sentence from the Oklahoma County District Court for the crime of Indecent Exposure.

Title 57 O.S. § 138 provides in part as follows:

"All inmates *serving their first term* with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution." (Emphasis ours).

The records obtained from the Pardon and Parole Board reveal that this is not the first term of imprisonment to which petitioner has been subjected, as he served time in the Oklahoma State Penitentiary in 1961; therefore, petitioner does not come within the eligibility provided in the above statute. See also Application of Roberson, Okl.Cr., 400 P.2d 459 and Lott v. State, Okl.Cr., 376 P.2d 634.

Under the authority of Application of Roberson and Lott v. State, supra, the writ prayed for is accordingly denied. Writ denied.

Petitioner also requests that he be allowed a delayed appeal, but he does not allege matters sufficient to invoke the jurisdiction of this Court or which would authorize the granting of a post-conviction appeal. Post Conviction Appeal is accordingly denied.

NIX, P. J., and BRETT, J., concur.