**Carroll Lee SMITH, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Respondent.**

**No. A–14423.**

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1967.

Carroll Lee Smith, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

This is an original action in habeas corpus, instituted by petitioner, Carroll Lee Smith, who is now confined in the state penitentiary, serving a sentence of five years after conviction in the district court of Beckham County, on a charge of forgery.

Petitioner alleges that he was arrested in Beckham County on August 17, 1963 and was not delivered to the state penitentiary until September 27, 1963, and claims credit

for 42 days jail time by reason of the time spent in the county jail.

Petitioner further states that while serving the five-year sentence he was given a medical leave, and taken to the University Hospital in Oklahoma City during the month of February, 1965. That while in the hospital and during the month of February, he escaped.

Petitioner states that he was arrested on December 28, 1965 in Oklahoma City by the Federal Bureau of Investigation, and charged with assault with a dangerous weapon upon an F. B. I. officer, and with damage to United States property, and was lodged in the Oklahoma County jail on that date to await trial. That on December 29, 1965 and subsequent to his arrest, a hold order was placed with the Oklahoma County authorities against petitioner by the state penitentiary for his return to that institution to complete his five-year sentence from Beckham County. He states he was not tried on the federal charge until March 14, 1966, but was held in the Oklahoma County jail from December 28, 1965, until March 19, 1966, at which time he was returned to the Oklahoma State Penitentiary to complete his five-year term, thereafter to be returned to the Federal authorities to serve two terms of three years, to run concurrently.

A demurrer and response has been filed by the Attorney General on behalf of the respondent, pointing out that this petitioner has not been denied credit for any jail time to which he might be entitled.

■ Petitioner states that "he is a second offender", but contends that the Oklahoma statute allowing credit for jail time only to a first-termer is unconstitutional. This section of the statute, Tit. 57 Okl.St.Ann. § 138, was amended in 1961, and the pertinent portion thereof now reads:

"All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to

being received at the penal institution. Inmates on parole who are returned to the institution as parole violators shall retain the credits earned up to the date of their release on parole. Provided, however, that no convict shall be entitled to deduction for good time as herein provided in the event he has been guilty of misconduct or violation of the prison rules and regulations, unless relieved therefrom by the Warden."

This amendment to the statute has been approved by this Court in Re Application of Neal, Okl.Cr.App., 373 P.2d 1022; Lott v. State, Okl.Cr.App., 376 P.2d 634; Application of Roberson, Okl.Cr.App., 400 P.2d 459; Stiles v. Page, Okl.Cr.App., 424 P.2d 96, and McCormick v. Page, Okl.Cr. App., 427 P.2d 124.

■ Petitioner acknowledges and admits that during the period of his confinement in the Oklahoma County jail from December 28, 1965 to March 19, 1966, he was a federal prisoner, but contends that because he was incarcerated in a county jail of Oklahoma County he was subject to be returned to the penitentiary at any time, and is, therefore, entitled to credit for such time. Respondent denied that petitioner was subject to the penitentiary while he remained a federal prisoner, even though confined in a county jail of Oklahoma. Oklahoma statutes authorize the confinement of federal prisoners in county jails, but not in the state penitentiary. Tit. 57 Okl.St.Ann. § 16a providing:

"All sheriffs, jailers, prison keepers, and their deputies within this State, to whom any persons shall be sent or committed, by virtue of legal process, issued by or under the authority of the United States, shall receive such persons into custody, and keep them safely until discharged by due course of the laws of the United States; * * *."

The demurrer of the Respondent is sustained, and the petition dismissed.

NIX, P. J., and BUSSEY, J., concur.