**James Levon BURNS, Petitioner,**

**v.**

**Ray H. PAGE, Warden, and State of Oklahoma, Respondents.**

**No. A–14560.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1968.

James Levon Burns, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which James Levon Burns petitions this court for a writ of mandamus. It appears that Petitioner, who had previously served a sentence in the Oklahoma State Penitentiary, was sentenced in Case No. 31876, Oklahoma County, to five years imprisonment for the crime of burglary in the second degree after former conviction of a felony. Prior to the day of his sentencing in Case No. 31876, Petitioner alleges he was held in custody in the county jail for six months due to his inability to make bond. Petitioner complains that he should be entitled to credit for his jail time even though this is not his first prison sentence because as an indigent he could make bond pending judgment and sentence.

57 O.S.Supp.1968, § 138, provides in relevant part as follows:

"All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution."

This court has frequently held that where an inmate was a first offender with a good conduct record at the penitentiary that under the authority of Section 138, supra, he would be entitled to credit for his jail time served prior to the date of his sentencing and confinement in the penitentiary. In Re Kenton, Okl.Cr. 371 P.2d 742; Lott v. State, Okl.Cr., 376 P.2d 634; Application of Roberson, Okl.Cr., 400 P.2d 459. In this connection it will be noted that a prison inmate serving his first sentence is not automatically entitled to credit for his jail time, as such credit is conditioned upon his good conduct while in the penitentiary.

■ It is generally recognized that the right to a reduction of a term of imprisonment to which a prisoner has been sentenced for good conduct or any other reason is purely a statutory right and is acquired only in the manner provided by statute. 72 C.J.S. "Prisons" § 21, states in part:

"The right to a reduction of the term of imprisonment to which a prisoner has been sentenced as a reward for good conduct during his confinement, or credit for 'good time', as it is sometimes called, is purely statutory, and may be acquired only in the manner and under the circumstances pointed out by statute. So, in the absence of statutory authority, the courts may not compel the granting of good time credits to a prisoner."

In support of this proposition see: Ex parte Neisler, 126 Tex.Cr. 26, 69 S.W.2d 422; Ex parte Baird, 154 Tex.Cr.R. 508, 228 S.W.2d 511; In Re Thomas, Mo.App., 306 S.W.2d 336; Zink v. Lear, 28 N.J. Super. 515, 101 A.2d 72; State v. Garris, 265 N.C. 711, 144 S.E.2d 901.

■ Accordingly, it is apparent that Oklahoma prison officials have only the authority to give an inmate credit for jail time when he is serving his first sentence. Conversely, prison officials are without the authority, in the absence of express statutory authorization, to reduce the term of imprisonment imposed for a second offense by the number of days served in jail before the subsequent sentence began.

■ Petitioner argues that the effect of Section 138, supra, discriminates against him due to his indigent condition resulting in his inability to make bail prior to the time judgment and sentence were rendered for his second offense. In support Petitioner cites the case of Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966). This case, however, does not stand for the proposition that one who is indigent and unable to make bond should be entitled to credit for jail time served prior to his sentencing. Rather the *Stapf* case held:

"We perceive no rational basis for a classification whereby credit for a presentence custody for lack of bail is required as to minimum offenses but deniable as to the other, less serious offenses."

The *Stapf* case was concerned with discrimination for pre-sentence custody be-

tween serious offenses and minor offenses and is not applicable to the circumstances in the instant case before this court.

For the foregoing reasons and in view of the record we come to the conclusion that there is no basis in law to support Petitioner's request. The petition for writ of mandamus is hereby denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.