**Virgil YOUNG, Petitioner,**

v.

**STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–15016.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1968.

Virgil Young, pro se.

PER CURIAM:

This is an original proceeding in which Virgil Young, an inmate of the Oklahoma State Penitentiary, has petitioned this Court for what he has styled a "petition for writ of mandamus" seeking as a deduction from his term of imprisonment eighty-six (86) days which he claims were spent in a state hospital by order of the District Court of Oklahoma County, Oklahoma, for mental observation, before his conviction.

In Allen v. State, Okl.Cr.App., 438 P.2d 499, this Court held in the first paragraph of its syllabus as follows:

"An inmate of the state penitentiary is not entitled to credit for jail time while in the custody of county sheriff, and in various state hospitals prior to conviction of a felony."

As this Court has noted before prison officials cannot deduct from a term of imprisonment any time or credit in the absence of specific statutory authorization. Burns v. Page, (1968) Okl.Cr.App., 446 P.2d 622; 57 O.S.Supp.1968, § 138, authorizes as a deduction from a term of imprisonment the jail time if any, served prior to being received in a penal institution for a first offender. In the instant case Petitioner is not a first offender. Regardless, there is no statutory authoriza-tion for a deduction for time spent in a state hospital for mental observation prior to conviction.

Petitioner has totally failed to allege any facts which even if proven true would state a basis to grant a writ of mandamus or habeas corpus. Since the challenge of Petitioner fails to justify the granting of any relief the petition for writ of mandamus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.