STATE OF NORTH CAROLINA v. ROBERT EARL ABBOTT

No. 6912SC243

(Filed 23 July 1969)

1. **Constitutional Law § 32;  Criminal Law § 21—  right to counsel — preliminary hearing**

    A preliminary hearing is not an essential prerequisite to the finding of an indictment in this jurisdiction nor is it a critical stage of the proceeding, and a defendant may waive the hearing and consent to be bound over to the superior court to await grand jury action without forfeiting any defense or right available to him; therefore, the fact that defendant was not represented by counsel at the preliminary hearing deprived him of no essential right.

2. **Criminal Law § 138—  punishment — accomplice receiving probationary sentence**

    The fact that defendant's accomplice received a probationary type sentence while defendant received an active prison sentence is not ground for legal objection, the punishment imposed in a particular case, if within statutory limits, being within the sound discretion of the trial judge.

ON petition for *certiorari* to review judgment of *Brewer, J.,* 4 March 1968 Criminal Session of CUMBERLAND Superior Court.

Defendant was charged in fourteen bills of indictment with forgery and uttering of forged instruments in violation of the General Statutes of North Carolina. He pleaded not guilty and the jury returned a verdict of guilty as charged on each count in each of the fourteen bills of indictment. The court entered judgment imposing prison sentences as follows: On the first count of the first indictment, not less than five nor more than ten years; on the second count of the first indictment, not less than five nor more than ten years; on the first count of the second indictment, not less than five nor more than ten years; on the second count of the second indictment, five

years, all of the above sentences to run consecutively; the remaining indictments were all consolidated for purpose of judgment and defendant was sentenced to ten years thereon, such sentence to run concurrently with the sentences imposed on the verdicts of guilty to the first two indictments. Defendant appealed.

Attorney General Robert Morgan and Special Attorney Leslie A. Fleisher for the State.

Sol G. Cherry for defendant appellant.

PARKER, J.

Defendant, an indigent, was represented at his trial by court-appointed counsel. Following the trial, for good cause shown the court permitted the trial counsel to withdraw from the case and appointed other counsel to represent defendant in connection with this appeal. However, because of delay in notifying the newly appointed counsel of his appointment, the statement of case on appeal was not prepared and served and the record on appeal was not docketed in this Court in apt time. In order to permit defendant's appeal to be fully considered, this Court granted certiorari.

[1] Appellant's first assignment of error is that he was denied right to be represented by counsel at the preliminary hearing and for that reason improvidently waived the hearing. There is no merit in this assignment of error. A preliminary hearing is not an essential prerequisite to the finding of an indictment in this jurisdiction nor is it a critical stage of the proceeding, and a defendant may waive the hearing and consent to be bound over to the superior court to await grand jury action without forfeiting any defense or right available to him. Therefore, the fact defendant was not represented by counsel at the preliminary hearing deprived him of no essential right. State v. Gasque, 271 N.C. 323, 156 S.E. 2d 740.

[2] Appellant's second assignment of error is that the sentences imposed by the court were excessive in view of the fact that an accomplice received a probationary type sentence. There is also no merit in this assignment of error. "There is no requirement of law that defendants charged with similar offenses be given the same punishment. The punishment imposed in a particular case, if within statutory limits, is within the sound discretion of the presiding judge." State v. Garris, 265 N.C. 711, 144 S.E. 2d 901; 3 Strong, N.C. Index 2d, Criminal Law, § 138. In the present case the punish-

ment imposed was clearly within statutory limits. We have examined the entire record and in the trial and judgment, we find

No error.

MALLARD, C.J., and BRITT, J., concur.