STATE OF NORTH CAROLINA v. STEVEN ANTHONY PUCKETT

No. 7921SC362

(Filed 2 October 1979)

**1. Criminal Law §§ 23, 138— guilty pleas—no violation of plea bargain by sentences imposed**

There is no merit in defendant's contention that the trial court violated a plea bargain arrangement by imposing on him two consecutive two-year sentences rather than consolidating all charges for judgment where defendant failed to object to the sentences when imposed and made no reference to the sentences imposed in his motion to set aside his guilty pleas, and the primary bargaining part of the plea arrangement was a provision that the sentences imposed would run concurrently with a twelve-year sentence defendant was then serving.

**2. Criminal Law § 23.3— guilty pleas—warning of right to silence—informed choice**

There is no merit in defendant's contention that the trial court failed to advise him of his right to remain silent as required by G.S. 15A-1022(a)(1) before accepting his pleas of guilty to five misdemeanor charges and that he was misled as to the consequences of his pleas and they were not the product of informed choice as required by G.S. 15A-1022(b).

APPEAL by defendant from *Washington, Judge*. Judgments entered 9 January 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 22 August 1979.

Defendant was charged in a Magistrate's Order and four warrants for arrest with five misdemeanors, to wit: (1) Case No. 78CR44402, an assault in violation of G.S. 14-33(a); (2) Case No. 78CR44404, possession of marijuana in violation of G.S. 90-95(a)(3) and (d)(4); (3) Case No. 78CR45378, carrying weapons onto school property in violation of G.S. 14-269.2; (4) Case No. 78CR45382, rioting in violation of G.S. 14-288.2(a); and (5) Case No. 78CR45409, assault with a deadly weapon in violation of G.S. 14-33(b).

Defendant entered a plea of guilty in each case pursuant to a plea bargain with the State. Four of the cases were consolidated for judgment (Case Nos. 78CR44402, 78CR44404, 78CR45378, and 78CR45382), and defendant was sentenced in Case No. 78CR45382 to an active sentence of two years in custody of the Department of Correction. This sentence is to run at the expiration of the sentence imposed in Case No. 78CR45409. In Case No. 78CR45409, defendant was sentenced to an active confinement for two years;

both sentences to run concurrently with the sentence imposed in Forsyth County on 30 November 1978.

Defendant moved to set aside the guilty plea, which motion was denied. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Grayson G. Kelley, for the State.*

*Stephens, Peed & Brown, by Herman L. Stephens, for defendant appellant.*

ERWIN, Judge.

Defendant presents four questions for our determination:

(1) "Did the trial court commit prejudicial error by failing to consolidate all charges for entry of judgment and by imposing two consecutive two-year sentences upon defendant which action resulted in a different and greater sentence being imposed than that provided for in the plea arrangement with the State?"

(2) "Did the trial court commit prejudicial error by accepting defendant's guilty plea and entering judgment imposing sentence thereon because of violations of Chapter 15A, Article 58, *Pleas* [sic] Relating to Guilty Pleas in Superior Court, in defendant's guilty plea proceeding?"

(3) "Did the trial court commit prejudicial error by violating defendant's right to due process under the Fourteenth Amendment to the United States Constitution in accepting defendant's guilty plea and entering judgment imposing sentence thereon on the grounds the record does not support the court's determination that his guilty plea was the product of informed choice and freely, voluntarily and understandingly made?"

(4) "Did the trial court commit prejudicial error by denying defendant's motion to set aside his plea of guilty and the judgment and sentence imposed thereon for the reasons set forth in the foregoing questions presented?"

After careful study of the record and for the reasons that follow, we answer each of the questions, "No," and affirm the judgments entered by the trial court.

The Supreme Court of the United States held as follows in *Santobello v. New York*, 404 U.S. 257, 261, 30 L.Ed. 2d 427, 432, 92 S.Ct. 495, 498 (1971):

> "Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative propects [sic] of the guilty when they are ultimately imprisoned." (Citation omitted.)

Our Supreme Court stated in *State v. Slade*, 291 N.C. 275, 278, 229 S.E. 2d 921, 923-24 (1976):

> "In the past, 'plea bargaining' was carried on informally between the prosecution and the defendant or defendant's attorney subject to the approval of the presiding judge as to the proper sentence to be imposed. In 1973, the procedure for 'plea bargaining' was formalized by the enactment of G.S. 15A-1021 through G.S. 15A-1026. G.S. 15A-1026 provides:
>
>> 'A verbatim record of the proceedings *at which the defendant enters a plea of guilty or no contest* and of any preliminary consideration of a plea arrangement by the judge pursuant to G.S. 15A-1021(c) must be made and transcribed.' (Emphasis added.)
>
> G.S. 15A-1021(c) allows the parties to a plea arrangement to advise the trial judge of the terms of the proposed agreement, provided an agreement has been reached."

In view of the importance of plea bargaining as indicated in the above cases, we now examine the record before us in order of the assignments of error set out above.

### Consolidation of Charges

[1] The record reveals the following in regard to defendant's plea:

"Have you agreed to plead as a part of a plea bargain — now, let me advise you what is written on this piece of paper: that all charges be consolidated and that any sentence, if imposed, would run concurrent with the sentence you are now serving. This agreement includes probationary sentences in Davie County and two counts of aiding and abetting the charge of contributing to the delinquency of a minor. What sentence are you now serving?

A. Twelve years.

Q. Twelve years?

A. Yes, sir.

Q. And your understanding is that if you enter these pleas of guilty, that the sentence will run concurrently with that twelve year sentence, is that right?

A. Yes, sir.

Q. Other than what I have just said and you have said to me, has there been any promise made to you or any threat made to you for you to enter these pleas of guilty?

A. No, sir.

Q. Do you have any questions you want to ask me about anything I have said to you?

A. No, sir.

Q. Do you know what you are doing?

A. Yes, sir.

Q. Do you now tell the Court of your own free will you wish to enter pleas of guilty to these charges?

A. Yes, sir.

THE COURT: All right, Mr. District Attorney, as I understand the plea transcript, no objection to a concurrent sentence.

MR. LYLE: No, sir."

Defendant was sentenced without objection to two consecutive two-year sentences on 9 January 1979, and on the follow-

ing day, the court heard defendant's motion to set aside his plea on the grounds that: (1) he was not advised that any active sentence imposed would prohibit him from being released on the bond of $24,000 which had been set in prior cases now on appeal to this Court; and (2) he was not advised that the sentences imposed would result in his probationary sentences in Davie County being revoked. We note that the record does not show that any action has been taken in defendant's cases in Davie County.

Defendant did not object to his sentences until he testified on his motion to withdraw his plea. We note in his written motion to withdraw his plea that he did not object to the sentences imposed. The problem with defendant's contentions is the fact that no sentence was agreed upon. The record does not reveal the number of years the defendant was to receive under the agreement. To us, the primary bargaining part of the plea arrangement was the provision that the sentences imposed would run concurrently with the twelve-year sentence which had been imposed on 30 November 1978. The conduct of defendant, in not objecting to the sentences when imposed and then filing his motion to set aside the pleas without references to the sentences imposed, leads us to conclude that the terms of the plea bargain agreement were fully met. We overrule this assignment of error.

### Acceptance of Plea

[2]  Defendant first contends that the trial court failed to advise him of his right to remain silent as required by G.S. 15A-1022(a)(1). The record reveals:

> "The defendant having tendered a plea of guilty and being first duly sworn, makes the following answers to the questions asked by the Presiding Judge:
>
> . . .
>
> 2. Do you understand that you have the right to remain silent and that any statement you make may be used against you?
>                                                    Answer <u>Yes</u>"

We find no merit in this contention of defendant.

Defendant contends that his constitutional rights to due process were violated, in that he was misled as to the consequences

of his guilty plea, and that the plea was not the product of an informed choice, voluntarily made.

The record reveals that the court asked and that the defendant answered that: (1) he understood his entry of pleas of guilty to five charges, each a misdemeanor; (2) each charge had been explained to him; (3) he understood that he could be imprisoned for a maximum of six years and seven months; (4) he could have a trial by jury and be confronted by the witnesses against him, and by entering a plea, he was giving up these constitutional rights; and (5) he entered the plea of guilty on his own free will, understanding what he was doing. Defendant was 24 years of age at the time he entered his plea and had completed the twelfth grade in school.

The court entered the following:

### "PLEA ADJUDICATION

Upon consideration of the record proper, evidence presented, answers of defendant, and statements of counsel for the defendant and the prosecutor, the undersigned finds:

1. That there is a factual basis for the entry of the plea.

. . .

3. That the plea is the informed choice of the defendant and is made freely, voluntarily, and understandingly.

The defendant's plea is hereby accepted by the Court and is ordered recorded."

To us, the record is clear that all of defendant's constitutional rights were explained to him by the court. He stated that he understood his constitutional rights; that he wished to plead guilty; and that he was, in fact, guilty. We cannot conceive of a clearer record of acceptance of a plea of guilty than the one before us. A defendant may not enter a plea of guilty to a criminal charge and withdraw such plea without legal justification. Such does not appear on this record.

We hold that G.S. 15A-1022(b) was fully complied with, and the acceptance of the plea was proper.

Conclusion

We find no error in the trial of defendant, nor do we find error in the court's denial of defendant's motion to set aside his plea.

Judgment affirmed.

Judges CLARK and WELLS concur.