STATE OF NORTH CAROLINA v. JOHNNY WOOTEN, JR.

No. 868SC1252

(Filed 21 July 1987)

**Criminal Law § 22— evidence of plea bargain—admission prejudicial error**

The admission of an officer's testimony that defendant told him that "his lawyer wanted to plead him to six years to the offense and he wanted to know what he should do" violated the statute prohibiting evidence of plea bargaining, N.C.G.S. § 15A-1025, and constituted prejudicial error.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 26 June 1986 in Superior Court, WAYNE County. Heard in the Court of Appeals 5 May 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*John P. Edwards, Jr., for defendant appellant.*

ORR, Judge.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. After a trial by jury, defendant was found guilty of the charge and sentenced to an active term of eighteen years.

Defendant contends on appeal that the trial court erred in refusing to strike part of the testimony of investigating police officer, Ronald Melvin. Officer Melvin testified that defendant spoke with him after defendant's arrest and said that "his [defendant's] lawyer wanted to plead him to six years to the offense and he wanted to know what he should do." This testimony, defendant asserts, is expressly prohibited by N.C.G.S. § 15A-1025, which provides: "The fact that the defendant or his counsel and the prosecutor engaged in plea discussions or made a plea arrangement may not be received in evidence against or in favor of

the defendant in any criminal or civil action or administrative proceedings." We are persuaded by defendant's argument.

The validity of plea negotiations was recognized by the U.S. Supreme Court in *Santobello v. New York*, 404 U.S. 257, 30 L.Ed. 2d 427 (1971), which held, "[t]he disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." 404 U.S. at 260, 30 L.Ed. 2d at 432. *See State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976).

The North Carolina Legislature adopted the U.S. Supreme Court's rationale in 1973, formalizing the procedures for "plea bargaining" by enacting N.C.G.S. § 15A-1021 through § 15A-1026. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921.

N.C.G.S. § 15A-1025 was designed to facilitate plea discussions and agreements by protecting both defendants and prosecuting officials from being "penalized for engaging in practices which are consistent with the objectives of the criminal justice system." § 3.4 ABA Standards on Pleas of Guilty, p. 78, March 1968; American Law Institute, A Model Code of Pre-Arraignment Procedure — Tentative Draft No. 5, Article 350.7 (1972). N.C.G.S. § 15A-1025 (1983).

In the present case, the plea bargain discussed in Officer Melvin's testimony was negotiated by defendant's counsel and the prosecutor. Consequently, these negotiations were explicitly protected by N.C.G.S. § 15A-1025 from admission at trial.

Although admission of erroneous testimony does not automatically justify a new trial, on these facts we believe such action is necessary. *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E. 2d 204 (1983); *Board of Education v. Lamm*, 276 N.C. 487, 173 S.E. 2d 281 (1970).

Defendant entered a plea of not guilty to the charge of assault with intent to kill. The admission of evidence that defendant was considering pleading guilty to the charge and accepting a six year prison term was highly prejudicial to his case and potentially influenced the jury verdict. Therefore, we vacate defendant's sentence and remand this case for a new trial.

State v. Wooten

Defendant raises additional assignments of error on appeal. After a review of the record, however, we conclude these assignments are without merit and decline to discuss them.

New trial.

Judges ARNOLD and WELLS concur.