STATE v. WILLIAMS

[154 N.C. App. 466 (2002)]

VACATED IN PART; AFFIRMED IN PART; REMANDED IN PART.

Judges MARTIN and TYSON concur.

_____

STATE OF NORTH CAROLINA v. ALBERT RAY WILLIAMS

No. COA01-1374

(Filed 3 December 2002)

**1. Appeal and Error— preservation of issues—plea agreement—failure to object to proceeding with trial**

Although defendant contends the trial court erred in a felonious assault with a deadly weapon inflicting serious injury case by refusing to allow defendant to enter a plea to a lesser offense of misdemeanor assault and by declining defense counsel's request to approach the bench after the jury was empaneled, this assignment of error is dismissed because: (1) there is no evidence in the record to support defendant's contention that a plea agreement was in fact reached between defense counsel and the State, or that the trial court was aware of any such agreement; and (2) even if defendant's contention that a plea agreement was in fact reached is accepted, defendant made no objection to proceeding with the trial of his case as required by N.C. R. App. P. 10(b)(1) in order to preserve this issue for appeal.

**2. Appeal and Error— preservation of issues—denial of evidence—failure to make offer of proof**

Although defendant contends the trial court erred in a felonious assault with a deadly weapon inflicting serious injury case by refusing to allow defendant to testify regarding past confrontations between defendant and the victim, this assignment of error is dismissed because defendant failed to make an offer of proof regarding what the excluded testimony would have revealed, and such content was not obvious from the record.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 29 May 2001 by Judge Frank Brown in Hertford County Superior Court. Heard in the Court of Appeals 20 August 2002.

STATE v. WILLIAMS

[154 N.C. App. 466 (2002)]

*Attorney General Roy Cooper, by Assistant Attorney General Douglas W. Corkhill, for the State.*

*Gerald W. Spruill for defendant appellant.*

TIMMONS-GOODSON, Judge.

Albert Ray Williams ("defendant") appeals from judgment of the trial court sentencing defendant for his conviction of felonious assault with a deadly weapon inflicting serious injury. For the reasons stated herein, we find no error by the trial court.

On 22 May 2000, a grand jury indicted defendant for felonious assault with a deadly weapon inflicting serious injury. Defendant's case came on for hearing before the trial court on 21 May 2001. After the jury was selected, but before the jurors were empaneled, defendant asserts that the trial court inquired of defense counsel and the prosecutor about the possibility of resolving the case by plea. Defendant further asserts that defense counsel and the prosecutor then conferred and agreed that defendant would plead guilty to a charge of misdemeanor assault. The jury was then empaneled. According to defendant, when defense counsel subsequently requested to approach the bench in order to advise the trial judge that a plea agreement had in fact been reached, the trial judge refused defense counsel's request, stating, "No, I don't think so. We're going to try a case."

At trial, the State presented evidence tending to show that defendant struck his co-worker, William Warren ("Warren"), with a large brick mason's level during a heated argument on 8 March 2000. Warren sustained serious injury to his arm as a result of the assault. The jury thereafter found defendant guilty of felonious assault with a deadly weapon inflicting serious injury, whereupon the trial court sentenced defendant to a minimum term of thirty-seven (37) months imprisonment, and a maximum term of fifty-four (54) months imprisonment. Defendant appeals.

---

[1] By his first assignment of error, defendant contends that the trial court erred in refusing to allow defendant to enter a plea to a lesser offense of misdemeanor assault. Defendant argues that the trial judge was aware that a plea agreement had been reached between defendant and the State, and that the trial court therefore erred in refusing to allow defense counsel to approach the bench and submit defendant's plea. We disagree.

Under section 15A-1021 of the North Carolina General Statutes,

[i]f the parties have reached a proposed plea arrangement in which the prosecutor has agreed to recommend a particular sentence, they may, with the permission of the trial judge, advise the judge of the terms of the arrangement and the reasons therefor in advance of the time for tender of the plea. . . . The judge may indicate to the parties whether he will concur in the proposed disposition. The judge may withdraw his concurrence if he learns of information not consistent with the representations made to him.

N.C. Gen. Stat. § 15A-1021(c) (2001). A defendant has no constitutional right to have a guilty plea accepted. *See State v. Collins*, 300 N.C. 142, 148, 265 S.E.2d 172, 176 (1980). Moreover, "G.S. 15A-1021(c) allows the parties to a plea arrangement to advise the trial judge of the terms of the proposed agreement, *provided an agreement has been reached.*" *State v. Slade*, 291 N.C. 275, 278, 229 S.E.2d 921, 924 (1976) (emphasis added).

In the instant case, there is no evidence in the record to support defendant's contention that a plea agreement was in fact reached between defense counsel and the State, or that the trial court was aware of any such agreement. The record reveals no evidence of a guilty plea entered by defendant, nor of any agreement signed by the parties. The transcript of the trial contains no objection by defendant to either the trial court's purported refusal to accept his plea or to the subsequent trial of defendant's case.

The only evidence submitted by defendant in support of his argument is an affidavit by defense counsel, in which defense counsel opines that the trial judge "knew that the prosecutor and I had agreed on a guilty plea to a misdemeanor when he denied my request to approach the bench and advised me that we were proceeding to trial." Defense counsel also states that "[t]he time period from the conference at the bench between myself, the prosecutor and the Judge and the Judge's denial of my request to re-approach the bench to advise the Court that we had agreed on a plea of guilty to a misdemeanor was approximately two minutes."

Defendant has simply failed to demonstrate on appeal that a plea agreement between defense counsel and the State ever existed, or that the trial court was aware of any such plea agreement. *See Slade*, 291 N.C. at 278, 229 S.E.2d at 924. Even if we were to accept defend-

ant's contention that a plea agreement was in fact reached, defendant made no objection to proceeding with the trial of his case. As such, defendant has failed to properly preserve this argument on appeal. *See* N.C.R. App. P. 10(b)(1) (2002); *Jansen v. Collins*, 92 N.C. App. 516, 517-18, 374 S.E.2d 641, 642-43 (1988) (holding that, where the record failed to disclose any motion by the defendant at the close of the evidence, the defendant waived his right to assign error on appeal to the trial court's purported ruling on his motion). As defendant made no objections, the trial court made no findings or ruling regarding a plea agreement. We do not consider arguments based on issues that were not presented or adjudicated by the trial tribunal. *See State v. Smith*, 50 N.C. App. 188, 190, 272 S.E.2d 621, 623 (1980). We therefore dismiss this assignment of error.

**[2]** By his second assignment of error, defendant contends that the trial court erred by refusing to allow defendant to testify regarding "past confrontations" between defendant and the victim, Warren. At trial, the following exchange took place:

Defense counsel: Did you tell Mr. Wilson you were upset and sorry that this had happened?

Defendant: Yes, sir, because I, you know, I, first of all, I didn't really realize what had happened. That's why I had said to Daryl, I said, "Man, I don't even understand what just happened, or why this happened." I was sorry that it had happened, you know, because, I knew he was hurt and, you know, before that, you know, we [were], you know, kind of friendly sometime [sic]. But he had tried to bully me around a few times anyway. So, but I always tried to, you know, keep peace with him.

Prosecutor: Objection.

Court: Sustained.

After the trial court sustained the State's objection, defendant made no offer of proof regarding what the excluded testimony would have revealed. "[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). When evidence is excluded, " 'the essential content or substance of the witness's testimony is required' " before there can be a determination of whether the exclusion of evidence was prejudicial. *State v.*

*Satterfield*, 300 N.C. 621, 628, 268 S.E.2d 510, 515 (1980) (quoting *Currence v. Hardin*, 296 N.C. 95, 100, 249 S.E.2d 387, 390 (1978)).

In the instant case, defendant made no offer of proof concerning the content of what the excluded testimony would have revealed, nor is such content obvious from the record. Accordingly, defendant has failed to preserve this issue for appellate review, and we dismiss this assignment of error.

In conclusion, we hold that defendant failed to properly preserve his arguments for appellate review. Moreover, defendant has presented insufficient evidence that a plea agreement existed between defense counsel and the State. The trial court therefore did not err in declining defense counsel's request to approach the bench after the jury was empaneled.

No error.

Judge HUNTER concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

I disagree with the majority's statement that "there is no evidence in the record to support defendant's contention that a plea agreement was in fact reached between defense counsel and the State, or that the trial court was aware of any such agreement." To the contrary, after jury selection, the record shows defense counsel and the assistant district attorney were invited to the bench by the trial court and asked if "the case could be disposed of without a jury trial." Defense counsel advised the trial court defendant would "enter a plea of guilty to a misdemeanor assault" and the assistant district attorney informed the trial court "she would inquire if that would be acceptable to the victim." Counsel left the bench and while the jury was being impaneled, the assistant district attorney informed defense counsel "that a guilty plea to a misdemeanor would be acceptable to the State." There is nothing in the record to show the parties had any agreement with respect to defendant's sentence. Some two minutes after leaving the initial bench conference, defense counsel requested permission for him and the assistant district attorney to "re-approach the bench." This request was denied by the trial court.

If a "plea arrangement" is made between defense counsel and the prosecutor in a criminal case "in which the prosecutor has not agreed

to make any recommendation concerning sentence," the trial court "must accept the plea if [it] determines that the plea is the product of the informed choice of the defendant and that there is a factual basis for the plea." N.C.G.S. § 15A-1023(c) (2001).

In this case, after being encouraged to do so by the trial court, the parties reached an agreement that defendant would plead guilty to misdemeanor assault and the State would accept that plea. There was no agreement on the sentence to be imposed by the trial court. While there is no direct evidence the trial court knew the parties had reached a plea agreement, the only reasonable inference from this record is the trial court denied the parties an opportunity to communicate the plea agreement to the court. This was a violation of section 15A-1023(c) and constitutes error entitling defendant to a new trial. Accordingly, I dissent.

I also disagree with the majority's statement that defendant has failed to preserve this issue for appeal. Defendant was not required to enter a formal objection to the trial court's refusal to allow the defense attorney's request to approach the bench. *See State v. Smith*, 311 N.C. 287, 290, 316 S.E.2d 73, 75 (1984) (formal objection not required after the defendant's request for an instruction denied); *see also* N.C.R. App. P. 10(b)(1) (to preserve a question for appellate review, a party must make a timely request, objection, or motion).