DILLON, Judge.
Samuel Allen Taylor ("Defendant") appeals from a judgment entered upon his guilty plea to first-degree burglary, injury to real property, and assault on a female. For the reasons set forth below, we affirm the trial court's judgment.
I. Background
On 20 September 2014, a woman was awakened by a commotion inside her Hendersonville home. She went to the kitchen Defendant grabbed her by the arm and shouted, "Get on the ground, stay there. And where is your money?" The man walked away and the victim was able to escape from the house and call 911. Responding officers noticed that the front door to the home had been forced open. Officers also recovered a baseball cap and a 12-inch kitchen knife that did not belong to the victim.
In November 2014, a Henderson County grand jury returned indictments charging Defendant with first-degree burglary, injury to real property, and assault on a female. In September 2015, Defendant pleaded guilty to the charged offenses. The trial court consolidated the convictions for judgment and sentenced Defendant to 90 to 120 months' imprisonment.
II. Analysis
As an initial matter, we note that there is no record of Defendant giving notice of appeal either in open court or in writing. In recognition of this fact, Defendant filed a petition for writ of certiorari contemporaneous with his appellate brief in which he asks this Court to review the trial court's judgment. In our discretion, we allow Defendant's petition for writ of certiorari.
Counsel appointed to represent Defendant states that he is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel shows to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed.2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so.
Defendant has filed pro se arguments with this Court. In his pro se filings, Defendant makes several arguments, including: (1) the trial court lacked subject matter jurisdiction because the indictments allege violations of statutes that have no enacting clauses; (2) the trial court lacked subject matter jurisdiction because the indictments failed to allege all the essential elements of the offenses; (3) previous convictions obtained through guilty pleas by Defendant were erroneously used to enhance his prior record level; (4) ineffective assistance of trial counsel; and (5) Defendant was not competent to stand trial or plead guilty, and the trial court erred in allowing Defendant to enter a plea without first ordering an assessment of his capacity to proceed. We will address these arguments in turn.
Despite the fact that Defendant pleaded guilty to the charged offenses, "when an indictment is alleged to be facially invalid, thereby depriving the trial court of jurisdiction, the indictment may be challenged at any time." State v. McGee , 175 N.C. App. 586, 587-88, 623 S.E.2d 782, 784 (2006).
Defendant's contention that the statutes at issue lack enacting clauses is without merit. For each of the three offenses of which Defendant was convicted, the enacting clauses are found in the session laws. See Act of Mar. 11, 1889, ch. 434, sec. 1, 1889 N.C. Sess. Laws 418 (first-degree burglary); Act of July 24, 1993, ch. 539, sec. 67, 1993 N.C. Sess. Laws 2370, 2393 (injury to real property); Act of July 18, 2005, ch. 231, sec. 6.2, 2005 N.C. Sess. Laws 531, 539 (assault on a female). This Court has held that the inclusion of the enacting clause in the session laws is all that is required. See State v. Phillips , 149 N.C. App. 310, 315, 560 S.E.2d 852, 856 ("While the enacting clause is required for the act to become law, it does not itself become law, nor is that required to be the case."), appeal dismissed , 355 N.C. 499, 564 S.E.2d 230 (2002). Defendant is not entitled to relief on the basis of this contention.
Defendant next contends that the indictments failed to allege the essential elements of the offenses charged. Again, we disagree.
"The essential elements of first-degree burglary are (1) the breaking and entering (2) of an occupied dwelling of another (3) in the nighttime (4) with the intent to commit a felony therein." State v. Graham , 186 N.C. App. 182, 196, 650 S.E.2d 639, 649 (2007) (internal marks and citation omitted). In charging first-degree burglary, the indictment alleged that Defendant did "during the nighttime break and enter the dwelling house of [victim].... At the time of the breaking and entering the dwelling house was actually occupied by [victim]. Defendant broke and entered with the intent to commit a felony therein, larceny." The indictment alleges all the essential elements of first-degree burglary; therefore, Defendant's contention to the contrary is without merit.
N.C. Gen. Stat. § 14-127 makes it a crime to "willfully and wantonly damage, injure or destroy any real property whatsoever, either of a public or private nature." N.C. Gen. Stat. § 14-127 (2015). In charging injury to real property, the indictment alleged that Defendant "willfully and feloniously did wantonly damage, injure, and destroy real property, a door frame and glass door ... the property of [the victim]." The indictment tracks the general language of the statute and charges all the essential elements of injury to real property. The indictment does state that the Defendant carried out this act "feloniously," when in fact the statute for injury to real property lists the offense as a misdemeanor. However, the use of the term "feloniously" is mere surplusage and does not render the indictment fatally defective. See State v. Harwell , 129 N.C. 550, 551, 40 S.E. 48, 48 (1901) ("The word 'feloniously' has no meaning in this indictment, as the offense created by the statute is only a misdemeanor, and not a felony, and the word 'feloniously' must be treated as surplusage.").
"[T]he essential elements of assault on a female are (1) assault (2) upon a female person (3) by a male person at least 18 years of age." State v. Brunson , 187 N.C. App. 472, 478, 653 S.E.2d 552, 556 (2007). In charging assault on a female, the indictment alleged that defendant did "assault [the victim], a female person, by grabbing her left forearm and pulling her to the floor. Defendant is a male person and was at least 18 years of age when the assault occurred." The indictment charges all the essential elements of the offense of assault on a female; therefore, Defendant is not entitled to relief on the basis of this contention.
Next, Defendant contends that his previous convictions obtained through guilty pleas were erroneously used to enhance his prior record level. In support of his argument, Defendant cites to N.C. Gen. Stat. § 15A-1025 (2015), which states that "[t]he fact that the defendant or his counsel and the prosecutor engaged in plea discussions or made a plea arrangement may not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceedings." Defendant fundamentally misunderstands the purpose and function of N.C. Gen. Stat. § 15A-1025, which "was designed to facilitate plea discussions and agreements by protecting both defendants and prosecuting officials from being penalized for engaging in practices which are consistent with the objectives of the criminal justice system." State v. Wooten , 86 N.C. App. 481, 482, 358 S.E.2d 78, 78 (1987) (internal marks omitted). The statute is not intended to prohibit convictions obtained through guilty pleas from being used to calculate a defendant's prior record level for sentencing purposes. Therefore, this contention is without merit.
Defendant's final two claims, regarding issues of ineffective assistance of counsel ("IAC") and Defendant's competence to enter a plea, involve facts outside the record on appeal and therefore are not appropriately subject to this Court's review at this stage. While we dismiss these claims, we do so without prejudice to defendant's right to file a motion for appropriate relief ("MAR") in superior court. See State v. Fair , 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) ("[S]hould the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding.").
In accordance with Anders , we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We are unable to find any possible prejudicial error and conclude that Defendant's appeal is wholly frivolous. As a result, the trial court's judgment is affirmed.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA concur.