An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1005

Filed 2 July 2025

Moore County, Nos. 21CRS051122, 21CRS051123, 21CRS051124, 22CRS000786

STATE OF NORTH CAROLINA

v.

THOMAS JUNIOR SHEILDS, Defendant.

Appeal by Defendant from judgments entered 16 April 2024 by Judge Michael A. Stone in Moore County Superior Court. Heard in the Court of Appeals 11 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Elizabeth Grady Arnette, for the State.*
>
> *Center for Death Penalty Litigation, by Matthew Propper, for Defendant.*

GRIFFIN, Judge.

Defendant Thomas Junior Sheilds appeals from the trial court's judgments entered following jury verdicts finding Defendant guilty of multiple drug-possession charges. Defendant argues the trial court erred by denying Defendant's request to cross-examine a witness regarding a dismissed indictment. We hold Defendant did not properly preserve his arguments for appeal.

## I.    Factual and Procedural Background

In March 2021, Defendant moved into the home of Ms. Patricia Brown where he continued serving an active sentence on early release for a prior conviction as part of the Extending the Limits of Confinement ("ELC") probational program.  Soon after moving in, law enforcement began investigating suspected drug activity and executed a search warrant for the home on 30 April 2021.  Law enforcements' suspicion was based, in part, on Defendant's refusal to take drug screens as part of the ELC requirements, and on Ms. Brown's complaints about drug activity and observation of drug use by Defendant.  During the search, law enforcement found drugs and paraphernalia in the common areas and arrested Defendant.  Upon the officers' return, Ms. Brown directed the officers to additional locations where drugs were found.

Detective Thomas Houston testified Ms. Brown was not charged as a co-defendant primarily because she submitted one of the complaints and there were no drugs found in her private bedroom.

At a pre-trial hearing, Defendant requested permission from the court to cross-examine Ms. Brown regarding her criminal history.  Ms. Brown had been previously convicted of common law fraud and obtaining property by false pretenses.  The court ruled these prior convictions were admissible under Rule 609(b) of the North Carolina Rules of Evidence.  However, Defendant also requested permission to cross-examine

Ms. Brown regarding a similar 2019 indictment for obtaining property by false pretenses which was dismissed in 2023. In his request, Defendant stated:

> If she says ["]I didn't do anything,["] . . . then . . . I'm bound by that. But I want to explore some -- just because someone is accused of a crime obviously doesn't mean they're guilty, but a lot of people have charges that are filed against them that are dismissed, [that] ha[ve] nothing to do with guilt or innocence.

After this request was the following exchange, in which the court did not explicitly rule on the request, and instead only agreed Defendant could object and make an offer of proof at trial, after the direct and cross-examinations:

> [Defense Counsel]: I think implicitly Your Honor said, or maybe explicitly and I didn't hear it, that I'm not allowed to ask her what happened in Richmond County to cause authorities to arrest her for obtaining property by false pretenses, and then --
>
> [The court]: [Prosecution] says he doesn't know anything about this.
>
> [Prosecution]: I don't, Your Honor, and -- but I do think that would be wholly improper. I mean, if we were to be able to -- if the State were to be able to ask defense witnesses about anything they'd ever been charged with but not convicted with --
>
> [The court]: It's my understanding these were dismissed matters.
>
> [Defense Counsel]: That is correct, Judge.
>
> [The court]: [Prosecution], I'll take it as, you can be free to object, but the Court is not inclined --
>
> [Defense Counsel]: And I will say, I'll take that as Your

- 3 -

> Honor's ruling. I'm not going to ask her about that in the presence of the jury, but I do want to ask her that, you know, again, to establish a record on voir dire, I mean, after I cross-examine her just so that things flow freely.
>
> [Prosecution] can call her [as] a witness, I can cross-examine her. Once we finish with her testimony in front of the jury, that's when I would want to create a record of what her answers were.
>
> [The court]: Well, after the direct and after the cross I'll send the jury back and you can make your offer of proof, but, [Defense Counsel], the defense knows the offer of proof is very brief.

Ms. Brown and Defendant testified at trial. Ms. Brown testified Defendant used and sold drugs while living at her home and he stored drugs in his bedroom and the common areas. On cross-examination, Defendant questioned Ms. Brown regarding her previous convictions for fraud and obtaining property by false pretenses.

Defendant did not attempt to question Ms. Brown about her dismissed indictment. After closing arguments, Defendant requested a pattern jury instruction pertaining to a witness's character for truthfulness, but the court opted to use a different instruction addressing only prior convictions of a witnesses.

The jury returned a verdict finding Defendant guilty of possession of cocaine, methamphetamine, schedule II and III substances, and drug paraphernalia. Defendant gave notice of appeal in open court.

## II.   Analysis

Defendant contends the trial court erred "by barring [him] from cross-examining [Ms. Brown] about a dismissed indictment that was probative of truthfulness pursuant to Rule 608(b)." We hold Defendant failed to preserve this argument for appellate review.

To preserve an issue for appeal, Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure requires an objection, motion or request, a statement of specific grounds for the requested ruling if the grounds are not apparent from the circumstances, and a ruling by the trial court. N.C. R. App. P. 10(a)(1). If an objection is made pre-trial, it must be renewed during trial to be preserved for appeal. *State v. Oglesby*, 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007); *State v. Roache*, 358 N.C. 243, 292, 595 S.E.2d 381, 413 (2004).

In *State v. Howell*, the defendant was charged with attempting to evade taxes and the prosecution filed a motion in limine to suppress amended tax returns from evidence. *State v. Howell*, 191 N.C. App. 349, 351, 662 S.E.2d 922, 924 (2008). At a pre-trial hearing, the judge deferred ruling until trial, and the defendant did not attempt to introduce the evidence at trial. *Id.* We held the trial court did not err in excluding the evidence, reasoning that the issue was not properly preserved, both because the judge did not make a ruling at the pre-trial hearing and because the defendant "fail[ed] to attempt to introduce the evidence at trial." *Id.* (citing *State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005)); *see also Oglesby*, 361 N.C. at 554–55, 648 S.E.2d at 821.

Here, during the pre-trial hearing, Defendant stated his intention to bring up Ms. Brown's dismissed indictment during cross-examination at trial, and to put on record an offer of proof outside the presence of the jury in the event that the court excluded the desired testimony. However, like in *Howell*, Defendant never attempted to introduce evidence regarding Ms. Brown's dismissed indictment during trial. As such, the trial court did not have an opportunity to rule on the admissibility of the desired evidence at trial. We will not address the admissibility of this evidence for the first time on appeal.

Further, to preserve the exclusion of evidence, "the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Raines*, 362 N.C. 1, 20, 653 S.E.2d 126, 138 (2007) (quoting *State v. Simpson*, 314 N.C. 359, 370, 334 S.E2d 53, 60 (1985)). "[A]n exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness'[s] testimony would have been had he been permitted to testify." *Simpson,* 314 N.C. at 370, 334 S.E.2d at 60 (citation omitted); *State v. Johnson*, 340 N.C. 32, 49, 455 S.E.2d 644, 653 (1995).

In *State v. Williams*, the trial court excluded testimonial evidence regarding the defendant's history of complications with a victim. *State v. Williams*, 154 N.C. App. 466, 469, 572 S.E.2d 213, 215 (2002). The defendant did not make an offer of proof and there was no evidence in the record reflecting what the excluded testimony would have been. *Id.* at 470, 572 S.E.2d at 216. This Court held the defendant did

not preserve the exclusion of evidence for appellate review because there was not an offer of proof for what information the testimony would have "revealed." *Id.*

Here, Defendant made a pre-trial request to cross-examine Ms. Brown relating to Rules 608 and 609. N.C. R. Evid. 608 (2023) (allowing evidence of specific instances of untruthfulness); N.C. R. Evid. 609 (2023) (allowing evidence of previous convictions). The court allowed cross-examination regarding the previous convictions of Ms. Brown under Rule 609(b). However, the court hesitated to make a ruling regarding the admissibility of Ms. Brown's dismissed 2019 indictment during the pre-trial hearing and instead agreed with Defendant that he could make an offer of proof for the evidence at trial.

> [Defense Counsel]: [Prosecution] can call her [as] a witness, I can cross-examine her. Once we finish with her testimony in front of the jury, that's when I would want to create a record of what her answers were.
>
> [The court]: Well, after the direct and after the cross I'll send the jury back and you can make your offer of proof[.]

Defendant did not revisit the issue at trial: he did not attempt to cross-examine Ms. Brown regarding her dismissed indictment, nor did he attempt to create a *voir dire* record thereafter. Furthermore, although Defendant did request the court include a jury instruction pertaining to a witness's character for truthfulness, he did not cite Ms. Brown's dismissed indictment as its basis. The court nonetheless

contemplated the previous conversation regarding the dismissed indictment, but decided only to provide the jury instructions on prior convictions[1]:

> [The court]: There's been no 105.30 evidence relating to the character of a witness. There's been no --
>
> [Defense Counsel]: I want to be heard on that.
>
> [The court]: I'll hear from you.
>
> [Defense Counsel]: I'm specifically asking the [c]ourt instruct on 105.30. [Discussion regarding the relevance of separate evidence about Ms. Brown's doctor's note]. Obviously she's been convicted of --
>
> [The court]: Well, that's where I think --
>
> [Defense Counsel]: -- impeachment by proof of prior convictions, which is – we're getting there, but I am asking for 105.30 for those reasons.
>
> . . .
>
> [The court]: I don't think -- I don't want to get into [the separate evidence] for purposes of this jury instruction. I know that there was question about it and it is in the record. Really, the meat and potatoes of it, though, is the testimony regarding her previous convictions.

---

[1] North Carolina Pattern Jury Instruction 105.30 provides: "Evidence has been received with regard to the character of [a witness] [the defendant] for truthfulness. You may consider this evidence for one purpose only. If you believe all or any part of this evidence and find that it bears upon the [witness's] truthfulness, you may consider it, and all other facts and circumstances bearing upon the [witness's] truthfulness, in deciding whether you will believe or disbelieve the [witness's] testimony at this trial. You may not consider this evidence for any other purpose."

In contrast, Pattern Jury Instruction 105.35 provides: "Evidence has been received concerning criminal convictions of a witness. You may consider this evidence for one purpose only. If, considering the nature of the crime(s), you believe that this bears on the witness's truthfulness, then you may consider it, together with all other facts and circumstances bearing upon the witness's truthfulness, in deciding whether you will believe or disbelieve the witness's testimony at this trial. You may not consider this evidence for any other purpose."

. . .

> [The court]: The [c]ourt is more contemplating the evidence -- in fact, we had issues relating to the scope of which [Defense counsel] was going to be able to go into her -- the judgments on the previous convictions, if you recall, and all of that[,] the [c]ourt made commentary to [Defense] [C]ounsel to let him know that the limitation[] was based upon the nexus of those parameters of the judgment for truthfulness and credibility, if you recall. So the [c]ourt is going to include 105.30 based upon all of that evidence.
>
> [Prosecution]: Your Honor, just for the record, I respectfully would object to that and just, I think 105.35 covers that and more squarely narrows in just on the convictions that were allowed.
>
> [The court]: All right. Well, let me -- well, [Prosecution], I tend to agree with you. I think that 105.35 is more on point as it relates to the evidence in this case. The [c]ourt finds that there were vague issues with regard to the doctor's note and the reason for the delay of Ms. Brown's testimony, and that there were several points of communication or segments of communication which were indirect and not direct; therefore, the [c]ourt's going to use 105.35. I agree with you [Prosecution], and not use 105.30.
>
> [Defense Counsel]: I would ask that my exception be noted for the record.
>
> [The court]: The defense's exception is noted for the record.

Similar to *Williams*, Defendant did not make an offer of proof for Ms. Brown's testimony about her dismissed indictment. In his initial request, Defendant acknowledged that Ms. Brown's anticipated responses to the questioning were unknown:

- 9 -

[Defense Counsel]: If she says "I didn't do anything" . . . then . . . I'm bound by that. But I want to explore some – just because someone is accused of a crime obviously doesn't mean they're guilty[] but a lot of people have charges that are filed against them that are dismissed[] [that] ha[ve] nothing to do with guilt or innocence.

Without an offer of proof, the record does not indicate what information Ms. Brown's testimony would have revealed.

### III.    Conclusion

During the pre-trial hearing, the judge refrained from making a ruling on whether to admit or exclude the evidence regarding Ms. Brown's dismissed indictment. Defendant did not attempt to cross-examine Ms. Brown on this topic nor did he renew his objection to the exclusion of the evidence at trial. Thus, Defendant failed to attempt to introduce the evidence at trial and there was no offer of proof or other record of what Ms. Brown's testimony may have been.

For the foregoing reasons, we hold Defendant did not properly preserve his arguments for review and dismiss his appeal.

DISMISSED.

Judges STADING and FREEMAN concur.

Report per Rule 30(e).